UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID ROSEQUIST,  )
  )
   Plaintiff,  )
  )
v.  )  Case No.
  )
GC SERVICES, LP,  )
  )
   Defendant.  )

## PLAINTIFF'S COMPLAINT

Plaintiff, DAVID ROSEQUIST ("Plaintiff"), through his attorneys, The Law Offices of Robert Peters, P.A., alleges the following against Defendant, GC SERVICES, LP, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in Venice, Sarasota County, Florida.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of Florida.

11. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas. *See* Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. *See* Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various

2

means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff regarding a Citibank Exxonmobil credit card, account number ending in 8391, Defendant's file number 4458131.

19. The alleged debt owed on the Account arises from transactions for personal, family, and household purposes.

20. Within in the last year, Defendant was hired to collect on the Account.

21. Defendant's account representative, B. Cobbs, communicated with Plaintiff regarding the Citibank Account on or about April 18, 2013.

22. Defendant's account representative, B. Cobbs reviewed the letter dated April 18, 2013, prior to it being mailed to Plaintiff.

23. Defendant's account representative, B. Cobbs, was working within the scope of an account representative's employment when B. Cobbs communicated with Plaintiff in an attempt to collect on the Account.

24. Defendant called Plaintiff at 570-447-32xx in an attempt to collect on the Account.

25. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the Account.

26. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least one voicemail message regarding the Account.

27. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "Hi David Rosequist, this is Deright Seri. Please give me a call back at 866-749-7274. Thank you."

28. Defendant's collector that left the message transcribed in paragraph 27 was working within the scope of her employment when she communicated with Plaintiff in an attempt to collect a debt.

29. Defendant's message for Plaintiff does not state that the call is from GC Services, LP.

30. Defendant's message for Plaintiff does not state that the collector is attempting to collect a debt.

31. Defendant's collector that left the message transcribed in paragraph 27 is familiar with the FDCPA.

32. Defendant's collector that left the message transcribed in paragraph 27 knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

33. Defendant's collector that left the message transcribed in paragraph 27 knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

34. The telephone number of 866-749-7274 is one of Defendant's telephone numbers.

35. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

36. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

37. Defendant maintains an insurance policy with CNA under which CNA may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

38. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

39. Defendant recorded all of its telephone communications with third parties regarding the Account.

40. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

41. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

42. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

43. Paul Grover, Vice President of Client Management Group for Defendant, has discoverable information regarding the day-to-day business activities and functions of Defendant.

44. Specifically, Paul Grover has information regarding Defendant's policies and procedures regarding voicemail messages Defendant leaves for consumers and for third parties.

45. Additionally, Paul Grover has information regarding Defendant's anticipated affirmative defenses.

46. Specifically, Paul Grover has information regarding Defendant's anticipated bona fide error defense.

47. Per the nationwide PACER records, Defendant has defended approximately two-hundred four (204) lawsuits throughout the nation in the last year prior to the date Plaintiff filed this Complaint.

48. Within one (1) year of Plaintiff filing this Complaint, Defendant has plead a Bona Fide

Error Affirmative Defense in every Answer it filed in an FDCPA case.

49. In the last three (3) years, Defendant has had over 250 Complaints filed against it with the Better Business Bureau.

50. Defendant has a pattern and practice of not complying with the FDCPA when it leaves voicemail messages for consumers.

51. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:13-cv-11710, *Darci Ravenscraft v. GC Services, LP*.

52. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:12-cv-02637, *Manrico Lollie v GC Services, LP*.

53. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00084, *Daniel Lambeth v. GC Services, LP*.

54. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-03570, *Mordechai Pinson v. GC Services, LP*.

55. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 5:13-cv-06093, *Lana Babcock v. GC Services, LP*.

56. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-00510, *Sheila Pratt v. GC Services, LP*.

57. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 4:13-cv-00199, *Thomas Laile v. GC Services, LP*.

58. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 4:13-cv-13744, *Tamara Travers v. GC Services, LP*.

59. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00984, *David Cruz v. GC Services, LP*.

60. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-00518, *Bart Martinez v. GC Services, LP*.

61. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-00519, *Jo Lynn Eaton v. GC Services, LP*.

62. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-01002, *Tracy Heyder v. GC Services, LP*.

63. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00363, *Bruce McInnes v. GC Services, LP*.

64. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00364, *Jerome Brewer v. GC Services, LP*.

65. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:13-cv-01386, *Stephanie Grooms v. GC Services, LP*.

66. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-06864, *Jeffrey Ourvan v. GC Services, LP*.

67. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-02226, *Steven Wagner v. GC Services, LP*.

68. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 5:13-cv-01873, *Hafford Hester v. GC Services, LP*.

## COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

69. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in

connection with the collection of an alleged debt;

b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP.

c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

d. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

e. Defendant violated *§1692e(11)* of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

WHEREFORE, Plaintiff, DAVID ROSEQUIST, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

70. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

71. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

72. Any other relief that this Honorable Court deems appropriate.


[INTENTIONALLY LEFT BLANK]

RESPECTFULLY SUBMITTED,

October 29, 2013                    By: /s/ [signature]
                                    Robert Peters
                                    The Law Offices of Robert Peters, P.A.
                                    1054 Kings Avenue
                                    Jacksonville, FL 32207
                                    Tel: 904-421-6907
                                    Fax: 904-328-3778
                                    rppalaw@gmail.com
                                    Attorney for Plaintiff